| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | MATTHEW WEIR<br>*Assistant Corporation Counsel*<br>(212) 676-1347<br>(212) 788-9776 (fax)<br>mweir@law.nyc.gov |
|---|---|---|

December 15, 2010

**BY E.C.F.**
Honorable Andrew L. Carter
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    Joshua Thomas v. City of New York, et al.
              10 Civ.5452 (FB) (ALC)

Your Honor:

        I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter. Defendant respectfully requests that its time to answer or otherwise respond to the complaint be extended sixty days, from December 15, 2010, to February 14, 2011. Plaintiff's counsel consents to this request on the condition that defendant serve its Rule 26(a)(1)(A)(i) disclosures with its answer. I apologize for the lateness of this request; I have been out of the office in a deposition all day and, accordingly, was unable to submit this request until now.

        A decision concerning this office's representation of defendant Police Officer Jason Reynolds has not yet been made and accordingly, this request for an extension of time is not made on his behalf. However, given the time involved in determining the representation of police officers, and in the interest of judicial economy, if he has been properly served, we would hope that the Court may, *sua sponte*, extend the time to answer behalf of all defendants.

        Plaintiff alleges that, on August 4, 2010, he was in the vicinity of Nostrand Avenue and Flatbush Avenue in Brooklyn, New York, when he was falsely arrested by New York City police officers. Plaintiff claims that he was prosecuted on false charges of disorderly conduct after being held for twenty-four hours. Plaintiff claims that his charges were dismissed after he accepted an adjournment in contemplation of dismissal.

        There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure,

we need time to investigate the allegations of the complaint. In this case, plaintiff alleges that he was falsely arrested. Accordingly, it is necessary for our office to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. As plaintiff alleges that the criminal charges against him were dismissed, all records associated with the incident alleged in the complaint would be sealed pursuant to N.Y. C.P.L. § 160.50. Plaintiff, on December 13, 2010, provided our office with a signed consent authorization so that we can access the police, criminal court and District Attorney records, if any, associated with plaintiff's underlying arrest and prosecution. The proposed extension of time will allow this office sufficient time to retrieve the relevant documents pursuant to that authorization in advance of answering the complaint.

Further, assuming plaintiff effects timely service on defendant Officer Reynolds, the enlargement will also allow this office time to determine, pursuant to Section 50-k of the New York General Municipal Law and based on the facts of the case, whether we can represent him. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).

No previous requests for an extension has been made in this action. Accordingly, we respectfully request that defendant's time to respond to the complaint be extended sixty days until February 14, 2011.

I thank the Court for its time and consideration of this request

Respectfully submitted,

/s/

Matthew Weir
Assistant Corporation Counsel
Special Federal Litigation Division

cc:   Gabriel Harvis, Esq., attorney for Plaintiff (via fax)

2